YEOMAN A. PECK and Others, Respondents, v. INDEPENDENT AUTOMOBILE FORWARDING CORPORATION and Others, Appellants, and ELLIS C. OXEMIDER (Not a Party to This Appeal).— The corporate defendant and the individual defendants who were the drivers of its trucks have appealed from a judgment in favor of plaintiffs in a negligence action. At about seven o'clock on the morning of June 9, 1935, tractor trailers of the corporate defendant were proceeding in opposite directions on the Albany-East Greenbush Highway. This highway runs east and west and the paved portion is twenty-four feet wide. On the north side of the road the shoulder is from two to three feet wide and on the south side about three feet wide. As the trucks approached one another they came to a stop so that the driver of the vehicle going easterly could procure from the driver going westerly a chain, the chain of the east-bound truck having broken. There is evidence that both trucks stopped on opposite sides of the road, on the paved portion, front to front, thirty to thirty-five feet apart. The truck parked on the north side of the highway had a closed cab, was eight feet wide, twenty-five feet long, six and one-half feet high and weighed five tons. This truck was unloaded. The truck on the south side of the road had four automobiles and weighed ten tons, was forty feet long, eight feet wide and twelve feet high. At the time of the accident there was no driver in the loaded truck. Plaintiff Peck was the owner of a Ford coach involved in the collision. That car was driven by plaintiff Zeman, and the plaintiff Jamacy was a passenger. Peck was also in the car and was asleep in the rear seat. The car in which plaintiffs were riding was traveling westerly on this highway at a rate of speed of thirty miles an hour. The driver first observed the truck on the north side of the road when 300 feet away. When 200 feet away he observed the truck on the south side. He reduced the speed of his car to ten miles an hour. When about twenty feet behind the trailer on the north side of the road he shifted his car into second and attempted to pass that truck. As he did so the truck owned by one Oxemider swung around from the truck that was parked on the south side of the road and collided with the car in which plaintiffs were riding. The trial court submitted the question as to whether or not the corporate defendant was negligent in parking its trucks in the manner in which it did and also whether or not plaintiffs were guilty of contributory negligence to the jury. The jury found in favor of plaintiffs on both questions. There is evidence to sustain that verdict. Judgment and order affirmed, with costs. Hill, P. J., Rhodes, McNamee and Heffernan, JJ., concur; Crapser, J., dissents and votes to reverse on the law and facts the judgment and order and for a new trial, for failure to make the charges requested.